**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**

NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-0872

JAMES WYDA                                                                                                        JOSEPH L. EVANS
FEDERAL PUBLIC DEFENDER                                                          ASSISTANT FEDERAL PUBLIC DEFENDER


September 30, 2010

The Honorable Richard D. Bennett
United States District Court for the
    District of Maryland
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201


Re:  *United States v. Ulysses Currie, et al*
     Crim. No., RDB-10-0532

Dear Judge Bennett:

      I am writing this letter to place on the record our concerns about scheduling in this case, and to ask the Court to reconsider the scheduling order.  In our telephone conference on September 27, 2010, the Court selected June 6, 2011, as the date of the trial.  As I indicated in that conference, we object to that date on behalf of Mr. Currie.  Mr. Outlaw and I requested that the trial be scheduled in early Fall, 2011, only about three months later.

      We have a number of reasons for our requested date.  As the Court aptly noted, Mr. Currie will be in the session from early January to mid-April.  Accordingly, he is largely unavailable during that period.  A number of actual or potential witnesses are also involved in State government and have similarly limited availability.

      As I also stated, the government has been working on this matter for close to three years.  It is my understanding that lead government counsel has been almost exclusively focused on this case for that entire period, not to mention having the assistance of the FBI and other law enforcement agencies.  There is an unstated amount of electronic discovery, and every indication is that it is massive.  It presents its own issues in terms of organization and review.  There are also forty to fifty boxes of hard copy documents. While the government has indicated that those documents are largely "tangential", the Court can well understand that we are not in a position to simply accept that representation without exercising due diligence.  The amount of time that must be devoted to merely confirming that those records are indeed tangential is significant.

The Honorable Richard D. Bennett
September 30, 2010
Page 2

      The government has confirmed that it expects to call some fifty witnesses for its case, regarding some ten different transactions, each of which must be thoroughly examined and analyzed. These are not simply "bank teller" witnesses; for the most part, they are individuals with complex professional and personal relationships with each other, with the defendants, and in some instances, the government. The government's estimated trial time is some four to six weeks. The preparation time necessary to parse through what each potential witness will say and to mesh that testimony with the large number of documents is a mammoth undertaking for counsel who are brand new to the specific facts in this case and the intricacies of the legal issues which we have only barely begun to spot. It appears that most of the significant witnesses are represented by counsel, and so any effort to meet with such witnesses has to be done in conjunction with their counsel's schedules. This creates its own special problems. As indicated above as well, the indictment does not simply focus on one or two events. Rather, there are a number of transactions at issue covering a five year period.

      There are also institutional issues for the Federal Defender's Office. Neither Mr. Outlaw nor I are in a position to forgo the bulk of our other responsibilities. In other words, we cannot jettison all of our other cases and clients to dedicate ourselves to this case alone. A number of other AFPDs are already devoted to special high intensity cases, and in light of the growing number of other prosecutions being brought, the resources of this Office are stretched to their limits. As indicated above, government counsel has been working on this case for close to three years, with the assistance of a number of government investigators. Even the other defense counsel have had the benefit of having been involved for the past eighteen months or so. Yet, we who represent the individual that appears to be designated as the lead defendant, are starting virtually blind. I believe that I stated in our telephone conference that we have yet to have a substantive conversation with Mr. Currie regarding the case, and frankly, the utility of any such discussion before we have a working grasp of the materials is marginal.

      Finally, for Mr. Currie, this is the equivalent of a capital case. The consequences for him in all aspects of his life cannot be understated. In this context, and after the extraordinarily lengthy government investigation, Mr. Currie and his counsel deserve the opportunity to have the time to prepare properly.

      On Mr. Currie's behalf, we requested a trial date in October, 2011. As an effort to be accommodating, we suggested starting right after Labor Day, which would be September 6, 2011. That date would enable Mr. Outlaw and me to engage in the kind of preparation that competent counsel should. In particular, because the summer period is often somewhat less hectic, this would permit us to have adequate time. Even that date does not permit us to prepare in a "leisurely" fashion; from our point of view, that is the minimum time necessary for us to represent Mr. Currie in the fashion he deserves. In that regard, I am requesting that the Court reconsider the June 6, 2011 date in favor of September 6, 2011.

The Honorable Richard D. Bennett
September 30, 2010
Page 3

      It goes without saying that we understand the importance of speedy resolution of criminal cases, and we respect the Court's desire for a prompt resolution of this particular case. At the same time, we firmly believe that the interests of justice and the constitutional considerations associated with the assistance of counsel should allow us to have the very modest additional time between June and September.

      As always, thank you for your consideration in this matter.

                Very truly yours,

                /s/

                Joseph L. Evans, #02055
                Assistant Federal Public Defender

cc:  All Counsel

    James Wyda, Esquire
     Federal Public Defender