

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*  
*United States Attorney*

*Kathleen O. Gavin*  
*Assistant United States Attorney*

*36 South Charles Street*  
*Fourth Floor*  
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4887*  
*MAIN: 410-209-4800*  
*FAX: 410-962-3091*  
*TTY/TDD: 410-962-4462*  
*Kathleen.Gavin@usdoj.gov*

October 1, 2010

The Honorable Richard D. Bennett  
United States District Judge  
United States Courthouse  
101 West Lombard Street  
Baltimore, Maryland 21201

        Re: United States v. Currie, et al.  
            Criminal No. RDB-10-0532

Dear Judge Bennett:

      We are writing in response to Mr. Evans' letter requesting a continuance of the June 6, 2011 trial date in this matter. Mr. Evans has asked the Court to move the trial date in this case from June 6, 2011 until September 6, 2011, on the basis that he and his co-counsel need more time to prepare for the trial on behalf of defendant Currie. The government is opposed to that request for a number of reasons.

      First, this trial is scheduled to begin more than nine months after indictment. Already factored in to that schedule was the Court's view that the trial should not commence during the General Assembly so that the defendant could attend to his legislative duties. Except for his service in the General Assembly, the defendant does not work and presumably is available to work with his attorneys on a full-time basis as needed. Under these circumstances, nine months should be more than sufficient time to review the discovery and prepare for the case, especially where the defendant has not one, but two attorneys to share that workload.

      Second, the relevant discovery in this case is not so extensive that the parties would need a full year, or more, to prepare for this trial. The allegations in the indictment are straightforward and the events at issue plainly identified. The government expects to provide the defense with an electronic copy of most, if not all, of the pertinent documents promptly upon the execution of the discovery agreements. (The government has received two of the three executed agreements to date.) And, as discussed during the scheduling conference, the government also has agreed to provide all Jencks material a full month before the trial.

The Hon. Richard D. Bennett
October 1, 2010
Page 2

      Third, the fact that the government investigated this case over a period of time is utterly irrelevant.[1] While it may have taken time for the government to gather certain evidence, that fact bears no relation whatsoever to the amount of time that the defense would need to review the discovery or otherwise prepare to defend the case. Criminal grand jury investigations, by their very nature, often include time-consuming forays into areas that, in the end, have nothing to do with the offenses eventually charged in an indictment. Comparing the length of an investigation to the time needed to prepare a defense is simply not a valid or fair exercise.

      Fourth, further delay in this case would be unduly prejudicial to the government and the public. A number of witnesses connected to some of the events at issue have passed away over the past several years. The passage of time only increases the risk that witnesses will become unavailable due to illness, death or other causes.

      Fifth, there is no reason to expect that other witnesses will be so busy during the upcoming legislative session that they could not be contacted or interviewed, as the defendant suggests. Moreover, even if that were true, the defense still has more than three months to contact any such witnesses before the General Assembly starts in January and two more months after the close of the session to make such contacts before the start of the trial in June.

      Finally, the defendant's claim that his attorneys are "starting blind" in this case is not accurate. The defendant knows what actions he took or did not take, what conversations and meetings he may or may not have engaged in, and what agreements he may or may not have entered into. The defendant is fully capable of providing that information to his attorneys and otherwise participating fully in the preparation of his defense.

---

[1] Equally irrelevant, as well as inaccurate, are the assertions in Mr. Evans' letter as to the degree of government resources and attorney time used to investigate the case.

The Hon. Richard D. Bennett
October 1, 2010
Page 3


      For all of these reasons, the government objects to a continuance of the current trial date of June 6, 2011.

                                              Respectfully submitted,

                                              Rod J. Rosenstein
                                              United States Attorney


                                 By:_____/s/_____
                                              Kathleen O. Gavin
                                              Mark W. Crooks
                                              Assistant United States Attorneys

cc: Joseph L. Evans, Esquire
    Lucius T. Outlaw, III, Esquire
    Joshua R. Treem, Esquire
    Nicholas J. Vitek, Esquire
    Paul F. Kemp, Esquire