IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA *

v. * Criminal No. RDB-10-0532

ULYSSES S. CURRIE, et al. *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION FOR ESTABLISHMENT
OF A GOVERNMENT TAINT TEAM TO CONDUCT DEFENDANTS'
REQUESTED SEARCHES OF ELECTRONIC EVIDENCE
AND REQUEST FOR EXPEDITED HEARING**

The Defendant, Ulysses S. Currie, by his undersigned counsel, on behalf of himself and his

codefendants, William J. White and R. Kevin Small, hereby replies to the Government's Opposition

(Dkt. No. 42) to defendants' request to establish a taint team to permit searches requested by defense

counsel of the electronically stored material ("E-Material") from nine computers of Shoppers Food

& Pharmacy ("Shoppers") that the Government imaged pursuant to a search warrant.

The government's opposition is completely silent as to why it is necessary for the prosecutors

to be the filter through which the defendants are permitted to examine seized material.  Instead, the

government attempts to analogize this dispute to a situation involving hard-copy paper documents

in file cabinets to argue that the defendants do not have a right of access to the disputed E-Material.[1]

This analogy, however, is not only flawed, but rather justifies the defendants' reasonable request that

a taint team be established so that the defendants can review electronic material seized from

---

[1] The government's other argument that the defendants are seeking information the defendants already possess, *see* Dkt. No. 42 at 3-4, can be summarily rejected.  The government's reservation of its right to conduct more searches as their investigation and trial preparation proceeds is a clear admission that information likely exists among the seized E-Material that is not among the other electronic material produced by Shoppers pursuant to a subpoena.

Shoppers without the hovering and inquisitive eye of the prosecutors and agents responsible for the actual prosecution.

Using the government's analogy of a seized file cabinet, *see* Dkt. No. 42 at 6, there is no dispute that the defendants do not have the right to ask the government to "rip out" the drawer containing relevant evidence, or assign agents to review the other drawers containing non-relevant or privileged information.  But that is not what the defendants are asking for – the defendants want to review the contents of the drawer containing relevant evidence without having to tell the prosecutors what the defendants are looking for and without  relying on the prosecutors to look to see if the requested document is in the drawer.

Taking the government's analogy a step further, if the materials in dispute were paper instead of electronic, the defendants would have the opportunity to examine them without indicating which documents the defendants thought relevant, nor would the defendants be required to ask if specific documents existed among the collected bunch.[2]  That these documents are in electronic form does not alter the substantive entitlement to disclosure, only the logistics of that disclosure.

The next issue to be addressed is the government's  claim that it will "suffer real and substantial prejudice" if a taint team is established because prosecutors will have to be drawn from other work to staff the taint team.  Dkt. No. 42 at 8.  This claim of prejudice would carry more

---

[2]      Indeed, the defendants have inspected a huge number of paper documents in the government's possession.  The defendants arranged for copying of some thirteen boxes of documents. Given the volume of copying, the government is probably not able to tell which documents the defendants believed useful, and hence cannot directly track the defendants' trial strategy or work product.  In addition, the copying of the documents already in the government's possession in hard copy form does not in any manner create a situation where the defendants inadvertently bring new information to the government's attention.

weight *if a taint team did not already exist in this case*.  In a pleading filed in response to the defendants' motion at issue here, Shoppers explains that its seized computers "are in the possession of the *government's taint team*, and the government prosecution team has been given access *only* to search results run by the taint team at the prosecution team's request, after removing any privileged material."  Shoppers' Response at 1 (emphasis added).[3]  This, of course, makes perfect sense because it is common practice for taint teams to initially review seized material where there is the possibility of the exposure of sensitive information.[4]

Shoppers' revelation leads to two possible scenarios, and both undermine the government's prejudice claims.  The first scenario is that the existing taint team has already created for the prosecution team a working copy of the seized E-Material that had been sanitized of privileged, confidential, and unrelated material. If this is the case,  there is no reason for the government not to immediately produce the sanitized working copy in its entirety to the defendants.

The other (and more likely) scenario is that a taint team exists that is well-versed in the facts of this case, the scope of the government's warrant, and Shoppers' privilege and proprietary rights, and this taint team sanitizes new or ongoing searches requested by the prosecution team. If this scenario is true, then the time and staffing impact that would be caused by this existing and well-versed taint team running and screening searches for the defense would be minimal.[5]

---

[3]     Shoppers filed its response memorandum by letter to the Court and all counsel of record on February 24, 2011.

[4]     Without an indication from the government, defense counsel is unwilling to state with certainty that the government has and/or continues to have its own taint team in place.  But in the event it had relied on a taint team or intends to do so in the future, its obstinance in accommodating the defense request is particularly difficult to comprehend.

[5]     Because the prosecution has expressly reserved the right to conduct additional searches of the E-Material, the government's taint team has either not been disbanded or can be reconstituted quickly.  Therefore, claims that staffing a taint team would harm the government's

Now that Shoppers has revealed the existence of a taint team, the government's claims of prejudice, and indeed their complete resistance to the defendants' request, is completely nonsensical *because a taint team will necessarily be involved whether the Court grants or denies the defendants' request*. That is, if the Court denies the defendants' request, and the defendants are required to run their searches through the prosecution, the prosecution team will have to pass the defendants' search requests to the taint team so the results can be sanitized of privileged, confidential, and unrelated material. There is no way around that basic conclusion. The only difference in outcome is that if the Court denies the defendants' request, the prosecution will be able to track and monitor the defendants' searches (granting the prosecution an unprecedented and prejudicial peek inside the defense's investigation and trial preparation), and the prosecution will benefit from learning of information and data that they might otherwise not discovered.      .

## CONCLUSION

For the reasons provided herein and the defendants' original motion on this issue, the defendants respectfully request that the government establish a special team of Assistant U.S. Attorneys and law enforcement agents to search the Imaged E-Material based on search terms submitted by the defendants, with an order from this Court prohibiting the members of that team from disclosing to any others, particularly the prosecution team in this matter, the nature or substance of the requested search terms or any information obtained by said searches.

The defendants also request an expedited hearing for the Court to consider this matter. Currently the only motions hearing in this case is set for May 13, 2011. For the purposes of resolving this discovery dispute, that hearing date is too close to the start of trial. That is, if the Court decides this dispute in the defendants' favor at the May 13, 2011 hearing, there will not be sufficient time for the defense to make investigative use of the resulting information before the June

_____

investigative and prosecution operations are disingenuous.

4

6, 2011 trial date.  For this reason, an expedited hearing is needed.

Respectfully submitted,

JAMES WYDA
Federal Public Defender for the District
of Maryland


_____/s/_____
JOSEPH L. EVANS, #02055
Assistant Federal Public Defender


_____/s/_____
LUCIUS T. OUTLAW III, 94226
Assistant Federal Public Defender


_____/s/_____
SUSIE HENSLER, #95180
Staff Attorney
100 South Charles Street
Tower II, Ninth Floor
Baltimore, Maryland  21201
(410)  962-3962 (p)
(410) 962-0872 (f)
Email: Joseph_Evans@fd.org
        Lucius_Outlaw@fd.org

5

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 4th day of March, 2011, a copy of the foregoing was sent by first class mail, postage prepaid to: William C. Brennan, Jr., Esquire, Brennan, Sullivan and McKenna, LLP 6305 Ivy Lane, Suite 700 Greenbelt, Maryland 20770, and to Edward B. Magarian, Esquire,  Dorsey & Whitney LLP,  50 South Sixth Street Suite 1500 Minneapolis , MN 55402-1498, and by electronic communication to wbrennan@bsm-legal.com and magarian.edward@dorsey.com, attorneys for Shoppers Food & Pharmacy.


_____/s/_____
Joseph L. Evans, 02055
Assistant Federal Public Defender