LAW OFFICE OF
# JONATHAN ZUCKER
1350 Connecticut Avenue, NW, Suite 202
Washington, DC 20036-1745

jonathanzucker@aol.com

Jonathan Zucker*
Patricia Daus
*Also Admitted MD

Phone: (202) 624-0784
Fax: (202) 223-7005

October 21, 2011

The Honorable Richard D. Bennett
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

Re: United States v. Currie, et al.
Criminal No. RDB-10-0532

Dear Judge Bennett:

Pursuant to our conversation yesterday regarding "refreshing recollection, FRE 612 and prior recollection recorded I wish to bring the following authority to your attention.

The general principle, long established, is that any writing may be used to refresh recollection of a witness, even if that writing has not been made by the witness himself. *United States v. Schwartzbaum*, 527 F.2d 249 (2nd Cir. 1975). Consistent with this principle, the Fourth Circuit has ruled that the trial court erred when it prevented defendant from refreshing a witness' recollection using notes that had not been made by the witness. *United States v. Hambrick*, 245 F. App'x 288, 293 (4th Cir. 2007). In that case the court made clear that "[a] witness' recollection may be refreshed with documents that are not themselves admissible in evidence, even if the witness himself did not prepare the documents." *Id.*

The rationale for this principle was explained by the Maryland Court of Special Appeals by distinguishing between past recollection recorded in which the document itself is evidence and present recollection revived in which a writing merely serves as a stimulus to present recollection. *Baker v. State*, 35 Md. App. 593, 601, 371 A.2d 699, 704 (1977)

> When we are dealing with an instance of Present Recollection Revived, the only source of evidence is the testimony of the witness himself. The stimulus may have jogged the witness's dormant memory, but the

stimulus itself is not received in evidence. Dean McCormick makes it clear that even when the stimulus is a writing, when the witness "speaks from a memory thus revived, his testimony is what he says, not the writing." Id., at 15.

*Id.* at 598-99. The Court went on to explain that,

> Not only may the writing to be used as a memory aid fall short of the rigorous standards of competence required of a record of past recollection, the memory aid itself need not even be a writing. What may it be? It may be anything. It may be a line from Kipling or the dolorous refrain of "The Tennessee Waltz"; a whiff of hickory smoke; the running of the fingers across a swatch of corduroy; the sweet carbonation of a chocolate soda; the sight of a faded snapshot in a long-neglected album. All that is required is that it may trigger the Proustian moment. It may be anything which produces the desired testimonial prelude, "It all comes back to me now."

*Id.* at 602-03. See also *United States v. Rappy*, 157 F.2d 964, 967 (2d Cir. 1946) ("Anything may in fact revive a memory: a song, a scent, a photograph, an allusion, even a past statement known to be false."); *Farewell v. State*, 150 Md. App. 540, 576, 822 A.2d 513, 534 (2003)("Anything may in fact revive a memory: a song, a scent, a photograph, an allusion, even a past statement known to be false.")

    Federal Rule of Evidence 612, does not alter this principle. Rather, it provides that when it is a writing that is used to refresh a witness' recollection at trial, the "adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness." Fed. R. Evid. 612. The purpose for those requirements is to test the credibility of a witness' claim that memory has actually been revived and to expose any discrepancies between the writing and the testimony. *S & A Painting Co., Inc. v. O.W.B. Corp.*, 103 F.R.D. 407, 410 (W.D. Pa. 1984).

    The admissibility of the testimony refreshed, however,

> does not depend upon the source of the writing, the identity of the writing's author, or the truth of the writing's contents...

*United States v. Carey*, 589 F.3d 187, 191 (5th Cir. 2009) cert. denied, 130 S. Ct. 1930 (U.S. 2010)(internal citations omitted). Indeed, "Rule 612 has never been construed to require that a writing used to refresh a witness' recollection must be independently admissible into evidence." *United States v. Shinderman*, 515 F.3d 5, 18 (1st Cir. 2008).

    Thank you for your attention to this matter.

                                                         Sincerely,

                                                        Jonathan Zucker

cc: all counsel of record.